UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DALONTE WHITE, | ) | CASE NO: 1:17CV1165 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| CITY OF CLEVELAND, et al., | ) | |
| | ) | |
| Defendants. | ) | **ORDER (resolving Doc. No. 102)** |
| | ) | |

This matter is before the Court for resolution of limited discovery disputes pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1.  (Doc. No. 103.)  Currently pending is Plaintiff Dalonte White's "Rule 30(b)(6) Amended Notice to take Deposition."  (Doc. No. 102.)

For the following reasons, the Court orders that Plaintiff is entitled to a Rule 30(b)(6) Deposition as noticed.

**I.     Background**

This case arises from Dalonte White's arrest as a suspect in a home invasion that occurred on April 21, 2015.  He was held for several months by the City of Cleveland, and allegedly injured while in custody.  The charges against him were ultimately dismissed.  After the charges were dismissed, White sued the City of Cleveland and six Cleveland Police Department officers under 42 U.S.C. § 1983 and Ohio state law, alleging malicious prosecution, false arrest, false

imprisonment, wrongful detention, due process violations, failure to train and using a false writing. Discovery in this case has been contentious, but the parties have made good-faith efforts to resolve their disputes.

**II. Analysis and Discussion**

The Plaintiff and the Defendant City of Cleveland have been unable to agree on whether a 30(b)(6) witness is required to be produced for certain aspects of Plaintiff's noticed deposition.[1] For the following reasons, the Court finds that the City must prepare and produce a witness or witnesses for the 30 (b)(6) deposition.

The City first argues that only individuals with direct knowledge of the facts, witnesses, testimony and documents in this case are the individual defendants, and they cannot be compelled to testify as 30(b)(6) witnesses. As a threshold matter, firsthand knowledge of the subject matter is not required.[2] The City argues the deposition will be duplicative of its document production. This argument fails because documents cannot be substituted for a Rule 30(b)(6) deposition.[3]

---

[1] It is undisputed that Fed. R. Civ. P. 30(b)(6) allows a party to name a "public or private corporation, a partnership, an association, or other entity," including a city, as a deponent. *See, e.g., Wheatt v. City of E. Cleveland*, No. 1:17-CV-377, 2017 WL 5483148, at *1 (N.D. Ohio Nov. 15, 2017).

[2] "Rule 30(b)(6) does not require [a corporation] to produce a designee with firsthand knowledge of its policies and procedures during the relevant time period. Rather, [a corporation] has an obligation to designate a person or persons to testify as to knowledge known or reasonably known to [the corporation] itself, and to prepare any designee with that knowledge to the extent reasonably possible." *Ellis v. Corizon, Inc.*, No. 1:15-CV-00304-BLW, 2018 WL 1865158, at *4 (D. Idaho Apr. 18, 2018).

[3] "The testimony of a Rule 30(b)(6) witness represents the knowledge of the corporation and presents the corporation's "position" on the topic. A Rule 30(b)(6) representative must be educated and gain the requested knowledge to the extent that it is reasonably available to the corporation." *Alvey v. State Farm Fire & Cas. Co.*, No. 517CV00023TBRLLK, 2018 WL 826379, at *3 (W.D. Ky. Feb. 9, 2018), citing *Schall v. Suzuki Motor of Am., Inc.*, 2017 WL 4050319, at *5 (W.D. Ky. Sept. 13, 2017).

Lastly, the City argues that Plaintiff's notice of deposition is overly broad. However, the language to which the City objects[4] mirrors requests that have been found to be reasonably limited by other courts in this Circuit.[5]

### III. Conclusion

Accordingly and for all the reasons set forth above, Plaintiff White is entitled to a "Rule 30(b)(6) Amended Notice to take Deposition" as noticed. (Doc. No. 102.) Defendant City of Cleveland must prepare and present a witness (or witnesses) to be deposed. Plaintiff's request for attorneys' fees is DENIED. Because all issues relating to discovery requests have now been resolved (Doc. Nos. 58, 62, 80, 91, 99, 102), this referral is now terminated.

**IT IS SO ORDERED.**

Date: September 20, 2019                                  *s/Jonathan D. Greenberg*
                                                          Jonathan D. Greenberg
                                                          U.S. Magistrate Judge

---

[4] "All facts, witnesses, documents *on which the City bases* the contentions, assertions, denials and affirmative defenses in the City's answer." (Doc. No. 102 at 2) (emphasis added).

[5] Court grants, in part, [Defendant's] Motion for a Protective Order and limits the topics and subparts of the 30(b)(6) Notice to facts, information, and documentation that were *utilized and/or relied upon* in [Plaintiff's] claim and investigation. *Alvey*, 2018 WL 826379, at *7 (emphasis added).