IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DALONTE WHITE, | ) | CASE NO. 1:17-CV-1165 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA BARKER |
| | ) | |
| vs. | ) | **DEFENDANTS' MOTION TO STRIKE** |
| | ) | **EXPERT REPORTS OF PETER J.** |
| CITY OF CLEVELAND, *et al.*, | ) | **GEIER, M.D. AND TO EXCLUDE HIS** |
| | ) | **TESTIMONY AT TRIAL** |
| Defendants. | ) | |

Now come Defendants, by and through counsel, and move this Court to strike the January 19 and January 29, 2020 reports of Peter J. Geier, M.D., and exclude his testimony from the trial of this case, pursuant to Fed. R. Civ. P. 37(c)(1), for failure to submit the reports within this Court's expert report deadline of January 17, 2020 and for failure to comply with Fed. R. Civ. P. 26(a)(2)(B). This motion is being submitted in advance of the expert discovery deadline in an effort to prevent the time and expense of having to take Dr. Geier's deposition, should the Court exclude his testimony.

On November 26, 2019, the Court extended Plaintiff's deadline to produce all expert reports until January 17, 2020. *See* ECF 133. Plaintiff's counsel, informally, requested an extension over the Martin Luther King holiday weekend to provide his reports to Defendants on January 21, 2020, because he would be camping with his family in an area where he might not have internet access to submit the reports by the

1

the end of the day of January 17, 2020. This request was granted by opposing counsel without the need to involve the Court.[1] *See* Declaration of Elena Boop, ¶3, Exhibit A. However, defense counsel never agreed, nor did Plaintiff's counsel ask, to an extension of time past January 21, 2020 to produce any additional and/or supplemental reports of any experts. Boop decl., ¶6. Plaintiff never sought an extension or leave of court to produce incomplete or untimely reports or to produce additional reports after the expert report deadline.

On January 21, 2020, after the brief extension granted by Defendants, Plaintiff produced his expert reports, including the report of Peter J. Geier, M.D. Because psychological and/or medical information contained in Dr. Geier's reports may be protected by the Protective Order applicable to this case, they are not attached as an exhibit. However, Defendants will provide said reports for the Court's review via e-mail or otherwise, should the court instruct them to do so.

The January 19, 2020 report of Dr. Geier utterly fails to comply with Fed. R. Civ. P. 26(a)(2)(B). As of the date of the report, the doctor had not yet examined Plaintiff, although the expert discovery deadline had been known to Plaintiff for quite some time. The report contains a bare-bones conclusory opinion without stating the basis for the

---

[1] What is troubling is that Plaintiff requested the extension for personal reasons because he would not have access to the internet to transmit the reports to the defendants by the end of day on January 17, 2020, when, in reality, Dr. Geier's report was dated January 19, two days after Plaintiff's cited personal reasons.

2

opinion; it fails to detail the facts or data considered by the witness; it fails to state the witness's qualifications, including a list of publications authored within last 10 years; it fails to state a list of all cases in which the witness had been deposed or testified in the last 4 years; and it fails to include a statement of compensation to be paid for the study and testimony in this case. *See* Boop decl., ¶4, Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

On January 29, 2020, Plaintiff produced a "supplemental" report of Dr. Geier. Boop decl., ¶5. However, this is not a mere supplementation, but a whole new analysis and a new, exhaustive 13-page report. Boop decl., ¶5. It is not a supplement in response to a defense report or newly discovered evidence.

As this Court is aware, there have been some recent discovery issues relating to the examination of a Rule 30(b)(6) deposition of the City by Plaintiff's counsel. However, Dr. Geier is a **damages** expert. His opinion is not dependent in any way on the conclusion of the City's deposition, which related to liability only. Plaintiff's anticipated claim of damages has been known to Plaintiff for a significant period of time, and there is no justifiable reason for producing his expert report this late.

Fed. R. Civ. P. 37(c)(1) provides, "if a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 26(a)(2)(B) "requirements

3

are to be taken very seriously.  Rule 26(a) was intended not only to prevent surprise to opposing counsel, but to decrease the need for expert depositions and thereby conserve the resources of both parties." *R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F.Supp.2d 905, 908 (N.D. Ohio 2008) (citations omitted).

Accordingly, an unexplained failure to meet the requirements of Rule 26(a) precludes the use of the expert opinion at trial.  As stated by this Court in *R.C. Olmstead, Inc.*:

> Federal Rule 37(c)(1) states that "[i]f a party fails to provide information [...] as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). This Rule "requires absolute compliance with Rule 26(a)." *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir.2003) (quoting *Vance v. United States*, 1999 WL 455435, at *3 (6th Cir. June 25, 1999)). When an expert report does not provide the required disclosures under Rule 26(a)(2)(B), "the sanction of exclusion is *automatic and mandatory* unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless."

*Id.*, 657 F.Supp.2d at 908-909 (italics in original).  *See also Grain v. Trinity Health*, 431 Fed.Appx. 434, 445 (6th Cir. 2011) ("Plaintiffs also argue that the district court abused its discretion by refusing to allow the testimony of their expert witnesses. It is clear that Plaintiffs were untimely in designating their expert witnesses, and, where a party fails to designate a witness as required by a pre-trial order, the witness may not be used unless the failure to comply 'was substantially justified or harmless.' Fed. R. Civ. P. 37(c)(1)"); *M.J. v. Akron City School District Board of Education*, Nos 5:18-cv-577, 5:18-cv-

4

870, 2019 WL 4918683, *3 (N.D. Ohio Oct. 4, 2019) ("Because plaintiffs have failed to identify any good cause for their delay, and the Court finds that defendants will be prejudiced as a result, defendants' motions to strike plaintiffs' untimely expert notices are GRANTED"). "The burden of proof is on the potentially sanctioned party to prove harmlessness or justification." *R.C. Olmstead, Inc., supra*, 657 F.Supp.2d at 909.

Plaintiff cannot meet this burden of proof as to Dr. Geier's purported expert report. Plaintiff has always maintained that he would seek to recover for alleged mental health damages. There is no reason that this report was not obtained in the proper time frame. In fact, the second report is almost two weeks late, which significantly impedes Defendants' ability produce expert reports to comply with their February 17, 2020 expert report deadline.

Finally, it should be noted that Dr. Geier is not Plaintiff's treating physician who may have been exempt from the requirements of Rule 26(a)(2) to the extent his opinions included diagnoses reached during the course of Plaintiff's treatment. This is an expert who has merely reviewed Plaintiff's records and examined him after the expert report deadline. As such, his untimely reports must be stricken and his testimony excluded in its entirety.

Therefore, Defendants request that the Court strike the January 19, 2020 and January 21, 2020 reports of Dr. Peter J. Geier and exclude his testimony. Defendants further reserve the right to challenge the admissibility of Plaintiff's experts, including

Dr. Geier, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 and any other applicable grounds discovered prior to trial.

Respectfully submitted,

**BARBARA A. LANGHENRY (0038838)**
**Director of Law, City of Cleveland**

**By:** *s/ Timothy Puin*
**TIMOTHY PUIN** (0065120)
Assistant Director of Law
601 Lakeside Avenue
City Hall, Room 106
Cleveland, Ohio 44114-1077
Tel.     (216) 664-2800
Email:   tpuin@city.cleveland.oh.us
Attorney for City of Cleveland

**By:** *s/ Elena N. Boop*
**ELENA N. BOOP** (0072907)
Chief Assistant Director of Law
601 Lakeside Avenue
City Hall, Room 106
Cleveland, Ohio 44114-1077
Tel.     (216) 664-2800
Email:   eboop@city.cleveland.oh.us
Attorney for Defendants Thomas Shoulders, Michael Schade, Robert Beverdige, David Santiago, Jr., and John Kubas


**By:**   /s/ *Kathryn M. Miley*
Ernest L. Wilkerson, Jr. (#0036972)
Kathryn M. Miley (#0067084)
Wilkerson & Associates Co., LPA
24100 Chagrin Blvd., Suite 200
Cleveland, OH 44122
(216) 696-0808; (888) 502-9720 facsimile
ewilkerson@wilkersonlpa.com

6

kmmiley@wilkersonlpa.com
Attorneys for Defendant Lam

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Timothy Puin*
Timothy Puin (0065120)
Attorney for the City of Cleveland