**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DALONTE WHITE, | ) CASE NO. 1:17-cv-01165 |
| | ) |
| Plaintiff, | ) JUDGE PAMELA A. BARKER |
| | ) MAGISTRATE JUDGE GREENBERG |
| v. | ) |
| | ) **MOTION OF DEFENDANT CITY OF** |
| CITY OF CLEVELAND, et al., | ) **CLEVELAND TO STRIKE** |
| | ) **PLAINTIFF'S MOTION TO SHOW** |
| Defendants | ) **CAUSE (DOC. # 150)** |

Defendant City of Cleveland respectfully moves the Court to strike Plaintiff's Motion to Show Cause filed February 7, 2020 (Doc. # 150), on the grounds that it was filed more than ten days after the non-expert discovery cut-off and more than ten days after the continued deposition of the City's Rule 30(b)(6) witness, contrary to LR 37.1(b) and the Court's Order of October 25, 2019.  The grounds for this motion to strike are set forth more fully in the attached memorandum and in the Declarations of Timothy J. Puin, Alberto Guzman, and Sergeant Margaret Sudy.

Respectfully submitted,

BARBARA A. LANGHENRY (0038838)
Director of Law

By: *s/ Timothy J. Puin*
MICHAEL J. PIKE (0074063)
Assistant Director of Law
TIMOTHY J. PUIN (0065120)
Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue E., Room 106
Cleveland, Ohio  44114
Tel:    (216) 664-2800
Email:mpike@city.cleveland.oh.us
Email:tpuin@city.cleveland.oh.us

**MEMORANDUM**

I.  **INTRODUCTION**

Plaintiff has been in possession of the document he now claims is the key to his case *for months*, even before the non-expert discovery cut-off of October 6, 2019, through a public records request – and only now raises issues about the completeness of the record in his possession and the independent production of the document by the City. This follows Plaintiff's counsel emailing the Court at the conclusion of the continued deposition of the City's Rule 30(b)(6) witness on January 27, 2020, stating: "We're glad to report that it has just ended, with no issues requiring the Court's immediate attention."

Plaintiff's motion to show cause was filed on February 7, 2020, which is more than four months after the non-expert discovery cut-off; and more than ten days after the last non-expert deposition in this case, i.e., the continued deposition of the City's Rule 30(b)(6) witness. As such, the motion does not comport with LR 37.1(b) and the Court's Order of October 25, 2019, and should be struck.

Despite Plaintiff's non-compliance with LR 37.1, the undersigned counsel certifies that sincere, good faith efforts were made to resolve Plaintiff's concerns after the filing of the motion to show cause. These efforts notably included a meet-and-confer that was held on February 10, 2020, which appears to have resolved Plaintiff's main concerns articulated in the motion.

In the event the Court sees fit to overrule this motion to strike, the City respectfully asks for leave to file a brief in opposition on the merits of Plaintiff's motion to show cause within 14 days of the Court's order.

II.  **RELEVANT MATERIAL FACTS**

1

The non-expert discovery cut off in this case was October 6, 2019. (Order of July 16, 2019.) Plaintiff never specifically sought RMS Number 2015-00108018 in his document production requests, although the City made a good-faith effort to produce every RMS report possibly involving Dalonte White. (Puin Dec., ¶ 3.)

On September 6, 2019, the City produced RMS reports Bates-labeled by the City as CLE007635-CLE007731, with the following email:

> Counselors: The attached record management systems reports may be used at the deposition of plaintiff. Some of the materials are not related to the investigation of the 04/21/15 incident and so are not considered responsive to Plaintiff's RFP 2, but are being produced now in the interests of full disclosure. Thank you, Tim Puin.

(*Id.*, ¶ 4.) The September 6, 2019, document production by the City consisted of the following police reports: RMS Numbers 2015-00292104, 2015-00213878, 2015-00110291, 2014-00230463, 2014-0027042, 2014-00014456, 2013-00347403, 2013-00217850, 2010-00309487, 2005-00314330, 2018-00314287, 2012-00280014. (*Id.*, ¶ 5.)

The City's record management software system that is used to search for police reports and other documents, known as LERMS (Law Enforcement Records Management System), searches for names such as "Dalonte White" only in subject fields; i.e., if the named individual is an offender, a victim, a witness, etc. LERMS does not search the Narrative section of police reports. (Sudy Dec., ¶ 4.) This explains why RMS Number 2015-00108018 was not included among the City's September 6, 2019, production of RMS reports possibly related to Dalonte White. However, Plaintiff did not specifically inquire about any reports he believed to be missing, even though Plaintiff was best positioned to know the facts and circumstances of a menacing complaint involving him and his friends the weekend before the home invasion and shooting of April 21, 2015.

The Declaration of Brian Bardwell at paragraphs 14-15 does not specify the dates when Plaintiff first obtained the report and disclosed it to Defendants. After investigation, it is the City's determination that Plaintiff obtained RMS Number 2015-00108018 through a public records request on October 2, 2019, without involving the City's counsel, using unknown search terms. (Bardwell Dec., ¶¶ 14-15); (Guzman Dec., ¶ 3); (Puin Dec. ¶ 9.) After investigation, it appears Plaintiff did not produce the document prior to the discovery cut-off of October 6, 2019, but produced the document on October 15, 2019, buried within many thousands of pages of unrelated records that Plaintiff's counsel noted would take "a while" to upload because the production was so voluminous. (Puin Dec., ¶¶ 7-8.)

At the time he disclosed it, Plaintiff did not flag RMS Number 2015-00108018 for specific attention or raise any concerns about it. (*Id.*, ¶ 10.) Plaintiff did not bring any discovery disputes concerning RMS Number 2015-00108018 to the Court's attention within ten (10) days of the non-expert discovery cut-off, i.e., by October 16, 2019.

Following the continued deposition of the City's Rule 30(b)(6) witness on January 27, 2020, Plaintiff's counsel Brian Bardwell, Esq., sent the following email to the Court at the email address Barker_Chambers@ohnd.uscourts.gov:

> Hi, Jason. Judge Barker had indicated she wanted to be available in the event of any issues with the continued 30(b)(6) deposition. We're glad to report that it has just ended, with no issues requiring the Court's immediate attention. Brian D. Bardwell.

(*Id.*, ¶ 12.)

On numerous occasions, before and after the non-expert discovery cut-off of October 6, 2019, Plaintiff has voiced grievances regarding the City's discovery responses in general.[1]

---

[1] Although more appropriate to state in a brief in opposition on the merits, counsel for the City is compelled to state here that no false statements ever were made to the Court by counsel

3

However, it was not clear until February 10, 2020, when Plaintiff's counsel Brian Bardwell, Esq., personally appeared at Police Headquarters and then at City Hall to demand an unredacted copy of the most complete version of RMS Number 2015-00108018, what specific concerns Plaintiff had about the completeness of RMS Number 2015-00108018. (*Id.*, ¶ 14.)

Following a personal meeting with Plaintiff's counsel Brian Bardwell, Esq., on February 10, 2020, at City Hall, after the filing of Plaintiff's motion to show cause, counsel for the City provided Plaintiff's counsel with both a redacted copy of a version of RMS Number 2015-00108018 (in response to a renewed public records request he made that same day at Police Headquarters) and an unredacted copy of a version of RMS Number 2015-00108018 (by way of a supplemental document production, marked CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER). Based on this meeting, the City is not aware of any additional concerns on the part of Plaintiff regarding the City's production of RMS Number 2015-00108018 that the City can address here. (*Id.*, ¶ 15.)[2]

### III. LAW AND ANALYSIS

LR 37.1(b) provides that "[n]o discovery dispute shall be brought to the attention of the Court, and no motion to compel may be filed, more than ten (10) days after the discovery cut-off date." The Court order of October 25, 2019, extended that deadline until ten days after depositions conducted after the discovery cut-off for disputes arising from those depositions.

---

for the City; and RMS Number 2015-00108018 never was withheld from Plaintiff. To the contrary, the City made numerous supplemental disclosures in discovery precisely because it is concerned that Plaintiff obtain all discovery to which he is entitled.

[2]  Plaintiff's counsel is believed to have sent an email late in the day on February 11, 2020, challenging the redactions on the copy of the document produced pursuant to his public records request.

4

Plaintiff had RMS Number 2015-00108018 in his possession prior to the October 6, 2019, non-expert discovery cut-off, but did not bring his specific concerns about this document to the Court's attention until the filing of his motion to show cause on February 7, 2020.  In the interim, there was a period of more than two months from the time Plaintiff obtained the report until the first part of the deposition of the City's Rule 30(b)(6) witness, with no specific demands being made as implied by Plaintiff's motion to show cause.  Belying the sense of urgency imparted by Plaintiff's motion, it would be an understatement to say that Plaintiff did not prioritize obtaining a complete copy of RMS Number 2015-00108018 from the City until February 7, 2020.[3]

It would be unfair to calculate Plaintiff's ten-day deadline based on the continued deposition of the City's witness on January 27, 2020, given that Plaintiff admits addressing the document at the first part of the deposition on December 17, 2019.  (Bardwell Dec., ¶ 17(a).)  However, even if the ten-day deadline is calculated on the basis of the January 27, 2020, deposition, Plaintiff's motion to show cause is untimely.

Under these circumstances, Plaintiff can hardly argue prejudice.  Plaintiff has slept on whatever rights he now seeks to enforce.[4]  Even if Plaintiff had a legitimate discovery issue to raise, which the City strongly disputes, it is clear that compliance with LR 37.1 is a necessary predicate to seeking discovery sanctions.

---

[3]    It is as if Plaintiff had an "aha" moment about the significance of the document from his perspective – although the City does not believe this report lessens the probable cause that existed – and, highly aware of the case management deadlines, decided the best use of the document at this point would be as a cudgel to obtain discovery sanctions including partial default judgment against the City.

[4]    The City consented to the deposition by Plaintiff of Patrol Officer Donato Daugenti, on October 28, 2019, showing that it was willing to help Plaintiff obtain necessary discovery even after the October 6, 2019, cut-off, but Plaintiff never raised the possibility of additional fact witness depositions being needed based on RMS Number 2015-00108018.  (Puin Dec., ¶ 19.)

*See, e.g., Phelps v. Lengyel*, Nos. 4:01-cv-1365, 4:01-cv-1366, 2002 WL 32121835, *1 (N.D. Ohio May 22, 2002) ("The undersigned reminds Plaintiffs that if any outstanding discovery disputes still exist, they are to follow the contours of and directives contained within L.R. 37.1 if they seek relief from Court, otherwise Plaintiff will risk outright denial of any prematurely filed motion to compel); *Balsley v. LFP, Inc.*, No. 1:08-cv-491, 2010 WL 11561883, *2 (N.D. Ohio Jan. 26, 2010) ("The Northern District of Ohio has adhered to the Local Rule 37.1(b) time limit"), *citing Baker v. Gerdenich Realty Co.*, No. 3:08-cv-36, 2009 WL 414663 (N.D. Ohio Feb. 19, 2009) (holding that a plaintiff's motion for sanctions fails because it is untimely under LR 37.1(b)) (further citations omitted); *Sterling Jewelers, Inc. v. Alex and Ani, LLC*, No. 5:17-cv-2540, 2019 WL 95842, *2 (N.D. Ohio Jan. 3, 2019) (quoting *Balsley*, *supra*, in support of the holding that this Court adheres to L.R. 37.1(b)); *Lieber v. Wells Fargo Bank, N.A.*, No. 1:16-cv-2868, 2017 WL 3923128, *6 (N.D. Ohio Sept. 7, 2017) ("in no way" did the plaintiff have reason to believe that the plaintiff would be exempt from the timing requirements of the Local Rules).

Given that Plaintiff has ignored the requirements of LR 37.1, the motion to show cause should be struck. No unfair prejudice will result to Plaintiff, as Plaintiff's main concern raised in the motion to show cause was addressed and apparently resolved at a meet-and-confer on February 10, 2020; and, to the extent any possible prejudice exists, it is the result of Plaintiff not raising this discovery dispute until several months after obtaining the document on which his motion is based.

**IV.     CONCLUSION**

For the above reasons, Defendant City of Cleveland respectfully moves the Court to strike Plaintiff's Motion to Show Cause filed February 7, 2020 (Doc. # 150). In the alternative,

the City respectfully asks for leave to file a brief in opposition on the merits of Plaintiff's motion to show cause within 14 days of the Court's order.

    Respectfully submitted,

    BARBARA A. LANGHENRY (0038838)
    Director of Law

    By: *s/ Timothy J. Puin*
    MICHAEL J. PIKE (0074063)
    Assistant Director of Law
    TIMOTHY J. PUIN (0065120)
    Assistant Director of Law
    City of Cleveland, Department of Law
    601 Lakeside Avenue E., Room 106
    Cleveland, Ohio  44114
    Tel:   (216) 664-2800
    Fax:   (216) 664-2663
    Email:mpike@city.cleveland.oh.us
    Email:tpuin@city.cleveland.oh.us

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically on February 11, 2020, and that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

    *s/ Timothy J. Puin*
    TIMOTHY J. PUIN (0065120)