IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DALONTE WHITE, | ) | CASE NO. 1:17-cv-01165 |
| | ) | |
| Plaintiff | ) | JUDGE PAMELA A. BARKER |
| | ) | MAGISTRATE JUDGE GREENBERG |
| v. | ) | |
| | ) | **DECLARATION OF** |
| CITY OF CLEVELAND, et al., | ) | **TIMOTHY J. PUIN** |
| | ) | |
| Defendants | ) | |

1. I am an adult who is competent to make this declaration pursuant to 28 U.S.C.A. § 1746 and I have first-hand knowledge of the facts set forth herein, as one of the attorneys for Defendant, City of Cleveland, in the captioned action.

2. The non-expert discovery cut off in this case was October 6, 2019 (Order of 07/16/2019).

3. Plaintiff never specifically sought RMS Number 2015-00108018 in its document production requests, although the City made a good-faith effort to produce every RMS report possibly involving Dalonte White.

4. On September 6, 2019, the City produced RMS reports Bates-labeled by the City as CLE007635-CLE007731, with the following email:

> Counselors: The attached record management systems reports may be used at the deposition of plaintiff. Some of the materials are not related to the investigation of the 04/21/15 incident and so are not considered responsive to Plaintiff's RFP 2, but are being produced now in the interests of full disclosure. Thank you, Tim Puin.

5. The September 6, 2019, document production by the City consisted of the following police reports: RMS Numbers 2015-00292104, 2015-00213878, 2015-00110291,

2014-00230463, 2014-0027042, 2014-00014456, 2013-00347403, 2013-00217850, 2010-00309487, 2005-00314330, 2018-00314287, 2012-00280014. The City certainly would have produced RMS Number 2015-00108018 if it had been aware of it, but as explained in the Declaration of Sergeant Margaret Sudy, the LERMS record management system did not return the report using the search term "Dalonte White."

6. At the time the City produced all RMS reports possibly involving Dalonte White that it could discover, i.e., on September 6, 2019, Plaintiff did not ask for more information about RMS Number 2015-00108018 or question why it was not included in the City's production, or otherwise indicate Plaintiff believed any RMS reports were missing.

7. On October 15, 2019, the document Bates-labeled by Plaintiff as WHITE021838-WHITE021842, attached to the Declaration of Alberto Guzman filed contemporaneously herewith (RMS Number 2015-00108018), was produced by Plaintiff to the Defendants, as a supplemental document production.

8. RMS Number 2015-00108018 was included among thousands of pages of unrelated files produced on October 15, 2019, by Plaintiff's counsel Brian Bardwell, Esq., with the following email:

> All: The Box folder that we previously shared is being replenished with a supplemental production, responsive to requests for the records we've received from subpoenas, PRRs, etc. If you've lost the link, it's here: https://chandralaw.app.box.com/folder/88180209342. The OPOTA subpoena alone yielded something close to 20,000 pages in total, so I've broken up our production into two files, which should make it easier to download everything. Both files are rather large, though, so it may be a while before they're finished uploading. Let us know if you have trouble accessing anything. Thanks, --Brian.

9. The abbreviation "PRRs" in the above email from Plaintiff's counsel was understood to refer to "public records requests." In the course of this action, Plaintiff has made

2

several public records requests with the City of Cleveland without notifying or otherwise involving Defendant's counsel before or at the time of the request.

10. The undersigned counsel is not aware that any request was made by Plaintiff for further information about RMS Number 2015-00108018 or for an unredacted copy of the report, at the time the report was produced by Plaintiff, on October 15, 2019.

11. The undersigned counsel is not aware of any communications from Plaintiff's counsel between October 15, 2019, and December 17, 2019, that would suggest any concerns regarding the report. The first time that Plaintiff's counsel is believed to have raised general questions about the report was at the deposition of the City's Rule 30(b)(6) witness (see Declaration of Brian Bardwell, ¶¶ 15-17) (Doc. # 150-1).

12. Following the continued deposition of the City's Rule 30(b)(6) witness on January 27, 2020, Plaintiff's counsel Brian Bardwell, Esq., sent the following email to the Court at the email address Barker_Chambers@ohnd.uscourts.gov:

> Hi, Jason. Judge Barker had indicated she wanted to be available in the event of any issues with the continued 30(b)(6) deposition. We're glad to report that it has just ended, with no issues requiring the Court's immediate attention. Brian D. Bardwell.

13. The City produced an unredacted version of RMS Number 2015-00108018 for Plaintiff once it appeared to both parties that the only production of it to date was by Plaintiff on October 15, 2019. (*Id.*, ¶ 17(h).)

14. On numerous occasions, before and after October 15, 2019, Plaintiff's counsel has articulated grievances regarding the City's document production in general. However, the undersigned counsel did not understand until February 10, 2020, when Plaintiff's counsel Brian Bardwell, Esq., personally appeared at Police Headquarters and then at City Hall to demand an unredacted copy of the most complete version of RMS Number 2015-00108018, what specific

3

concerns Plaintiff had about the information included or redacted in RMS Number 2015-00108018.

15. In a personal meeting with Plaintiff's counsel Brian Bardwell, Esq., on February 10, 2020, at City Hall, after the filing of Plaintiff's motion to show cause, the undersigned counsel for the City provided Plaintiff's counsel with both a redacted copy of a version of RMS Number 2015-00108018 (in response to a renewed public records request he made that same day at Police Headquarters) and an unredacted copy of a version of RMS Number 2015-00108018 (by way of a supplemental document production, marked CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER). Following this meeting, the undersigned is not aware of any additional concerns on the part of Plaintiff concerning the City's production of RMS Number 2015-00108018.

16. The undersigned counsel sent an email to Plaintiff's counsel Brian Bardwell, Esq., on February 10, 2020, attaching the unredacted copy of RMS Number 2015-00108018, with the following email:

> Brian, In response to your public records request, you were hand-delivered a redacted copy of the referenced RMS report today by me, with a log indicating the reasons for the redactions under R.C. 149.43. Attached is an unredacted copy of the same document you were hand-delivered today, produced as a supplemental discovery response in the Dalonte White case, marked CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER. Thank you for meeting with us today to discuss your concerns; please let us know if there are any questions. Thanks, Tim Puin

17. The undersigned is not aware of any communications to the Court about a discovery dispute specifically regarding RMS Number 2015-00108018 prior to the filing of Plaintiff's pending motion to show cause.

18. The last non-expert deposition in this case was Part II of the City's Rule 30(b)(6) witness on January 27, 2020. Ten days after January 27, 2020, by my calculation, is February 6, 2020. Plaintiff's pending motion to show cause was filed on February 7, 2020.

I declare under penalty of perjury that the foregoing is true and correct. Executed on __Feb. 11__, 2020.

_____*[signature]* (#0065120)_____
**Signed**, TIMOTHY J. PUIN

5