# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DALONTE WHITE,** | **CASE NO. 1:17-CV-01165** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **CITY OF CLEVELAND, et al.,** | |
| **Defendants.** | **MEMORANDUM OF OPINION AND ORDER** |

This matter comes before the Court upon the Motion Of Defendant City Of Cleveland To Strike Plaintiff's Motion To Show Cause (Doc. No. 150) filed on February 11, 2020 ("City's Motion"). Plaintiff filed his Opposition to the City's Motion on February 14, 2020 ("Plaintiff's Opposition"). (Doc. No. 155.) The City filed a Reply on February 14, 2020. (Doc. No. 156.) For the reasons set forth below, the City's Motion is GRANTED.

In Plaintiff Dalonte White's Motion For An Order To Show Cause (Doc. No. 150) ("Plaintiff's Show Cause Motion"), Plaintiff argues that the City of Cleveland ("the City") failed to produce what he refers to as "the Exculpatory Report"[1] that he asserts is "central to the allegations in this case" and "disproves one of two pillars of probable cause for [his] arrest, that identifies undisclosed witnesses, and that the City admits knowing about no later than 'one or two months' before the City's deposition under rule 30(b)(6)." (Doc. No. 150, PageID#1109.) Plaintiff asserts that this document was within the scope of Rule 26 initial discovery, and was responsive not only to Requests for Production of

---

[1] "[T]he Exculpatory Report" is a police report #2015-108018 associated with an aggravated-menacing incident, in the area of West 59th Street, the weekend before the Colleen Allums case that gave rise to Plaintiff's arrest and detention.

Documents served upon the City, but also to Plaintiff's repeated requests to the City for evidence "regarding the only pillar of probable cause that was still standing: the report of White's supposed involvement in a related crime just days before the Colleen Allums case." (Doc. No. 150, Page ID#1112.) According to Plaintiff, instead of producing "the Exculpatory Report," "the City offered a report of a menacing incident that was *not* from the past weekend, was *not* in the area of West 59th Street, and was *not* involving Dalonte White ('the Irrelevant Report')." (Doc. No. 150, Page ID#1112.) Plaintiff also claims that repeatedly in conferences with counsel for the City, including those conducted before Magistrate Judge Greenberg, counsel for the City represented that the City had produced everything, including all reports, responsive to Plaintiff's production requests.

Plaintiff's counsel asserts that during the continued deposition of the City's 30(b)(6) witness on January 27, 2020, he sought an explanation for the failure to produce the Exculpatory Report and on January 30, 2020, he finally received from the City an unredacted copy of the Exculpatory Report that was different from the redacted copy he had received in response to the public records request. Specifically, the unredacted Exculpatory Report included the name and address of a previously undisclosed witness, and information about the gun used during the crime, but it did not include contact information for the witnesses from the incident.

Plaintiff submits that upon the failure of the City to show good cause why it did not produce the Exculpatory Report, this Court should impose sanctions against the City in the form of reopening discovery or the entering of a default judgment against the City on claims involving the probable cause issue, specifically Claims 1 through 8.

In the City's Motion, the City asserts that the response to the public records request made by Plaintiff's counsel that yielded the Exculpatory Report was made on October 2, 2019,[2] or before the discovery deadline of October 6, 2019, and yet the Exculpatory Report was not provided to the City by Plaintiff's counsel until October 15, 2019. According to the City, Plaintiff's counsel never flagged the Exculpatory Report for specific attention or raised any concerns about it when he produced it to counsel for the City. The City asserts that despite having the Exculpatory Report in his possession since October 2, 2019, Plaintiff's counsel did not bring any discovery dispute associated therewith to the Court's attention within 10 days of the discovery deadline of October 6, 2019, or by October 16, 2019, and therefore, did not comply with LR 37.1(b).[3] Moreover, the City argues that since the deposition of the City's 30(b)(6) witness concluded on January 27, 2020, and Plaintiff's Motion to Show Cause was not filed until February 7, 2020, or 11 days after the conclusion of the deposition, it is untimely and contrary to LR 37.1(b) and this Court's Order of October 25, 2019.[4] The City also argues that Plaintiff has slept on whatever rights he seeks to enforce and therefore, cannot argue prejudice.

In the City's Motion, and relying on the Declaration of Sergeant Margaret Sudy, the City asserts that its record management software system that is used to search for police reports and other

---

[2] The City submitted a Declaration of Alberto Guzman, Supervisor of Hardware Evaluations for the Cleveland Department of Law, wherein he averred that "[b]ased on the normal practice of the City and [his] understanding of that practice developed in the routine performance of [his] duties, [he] believe[s] that a citizen requested the [Exculpatory Report] on October 2, 2019; and that it was printed out on that date; that it was redacted as required by law, R.C. 149.43; and that it was then provided to the citizen on that same date, October 2, 2019." In Plaintiff's Opposition, Plaintiff does not challenge or dispute this affidavit testimony, or submit any sworn testimony or evidence that Plaintiff's counsel is not the citizen who secured the Exculpatory Report on October 2, 2019 pursuant to a public records request.

[3] LR 37.1(b) reads: "No discovery dispute shall be brought to the attention of the Court, and no motion to compel may be filed, more than ten (10) days after the discovery cut-off date."

[4] The Court's October 25, 2019 Order clarified that the LR 37.1(b) deadline would only be extended with regard to the remaining depositions to be taken.

documents, i.e., the Law Enforcement Records Management System ("LERMS"), searches for names such as that of the Plaintiff, Dalonte White, only in subject fields such as if the named individual is an offender, a victim, a witness, etc., but does not search the Narrative section of police reports. (Doc. No. 152-3, PageID#1831; Doc. No. 152, PageID#1814.) According to the City, the fact that Dalonte White's name is included in the Narrative section of the Exculpatory Report explains why it was not included in the City's September 6, 2019 production of documents. The explanation offered by the City goes to the merits of Plaintiff's Motion to Show Cause which, as represented in the City's Motion, it would like the opportunity to address in an opposition thereto, if this Court denies the City's Motion.

Plaintiff's Opposition sets forth five reasons why this Court should deny the City's Motion. First, Plaintiff argues that "**to the extent** White's Motion to Show Cause is based on the City's misrepresentations to Magistrate Judge Jonathan D. Greenberg, it is governed by Fed. R. Civ. P. 11(c), not by Fed. R. Civ. P. 37 and Loc. R. 37.1(b)." (Doc. No. 155, PageID#1897 (emphasis added).) Nowhere in Plaintiff's Motion to Show Cause is Fed. R. Civ. P. 11(c) cited or invoked as a basis for Plaintiff's argument that absent the City showing cause for its failure to produce the Exculpatory Report, it should be sanctioned. Moreover, the City's Motion, which is the subject of this Memorandum of Opinion and Order, is based upon LR 37.1(b) and this Court's October 25, 2019 Order.

Indeed, Plaintiff recognizes that the City's Motion is based upon LR 37.1(b) and this Court's October 25, 2019 Order since the second, third, fourth, and fifth reasons he sets forth in arguing that the City's Motion should be denied all essentially relate to his compliance therewith. Plaintiff asserts that LR 37.1(b) and this Court's October 25, 2019 Order have been satisfied because: 1.) Plaintiff

4

repeatedly raised the issue of the City's failure to produce records before and after October 15, 2019; 2.) Plaintiff's Show Cause Motion does not arise out of the four (4) depositions that were the subject of the October 25, 2019 Order, which allowed an additional 10 days to raise deposition-related disputes; 3.) Plaintiff's first notice that the City was withholding still more information that was known at the deposition occurred when the City produced a more detailed version of the Exculpatory Report on January 30, 2020, making the filing of Plaintiff's Show Cause Motion on February 7, 2020 timely under LR 37.1(b); and 4.) Plaintiff's counsel reasonably assumed that the Exculpatory Report he had had in his possession since October 2, 2019 could not be the one that he was looking for.

However, the fact remains that Plaintiff's counsel had the Exculpatory Report in his possession before the discovery deadline of October 6, 2019 and before the Rule 30(b)(6) deposition taken on December 17, 2019. Plaintiff's counsel cites to portions of the continued deposition testimony of Michael Connelly taken on January 27, 2020 where he is asking questions of Mr. Connelly about the Exculpatory Report to demonstrate the City's admission that Defendant Shoulders had misrepresented evidence of probable cause and that the City had known about the Exculpatory Report a month or two before that continued deposition. (Doc. No. 155, PageID#1899.) The portion of Mr. Connelly's deposition testimony from January 27, 2020 that Plaintiff's counsel omits is the following question and answer exchange:

BY MR. BARDWELL:

Q. Do you remember we talked about this exhibit **last time**?

A. I think so.

Q. All right. You **testified** that the city thinks this is the report mentioned in paragraph 12 of Shoulder's arrest warrant, right?

5

A. I think I did testify to that, but I'm not sure if I was correct.

(Doc. No. 155-1, Page ID#1919 (emphasis added).)

Plaintiff's counsel's reference to "last time" can only mean the first day of Michael Connelly's deposition testimony or December 17, 2019 and his reference to "[y]ou testified" can only mean Michael Connelly's testimony during that December 17, 2019 deposition.

Succinctly stated, Plaintiff's counsel has known of the Exculpatory Report for months and chose to wait until after the second day of Mr. Connelly's deposition on January 27, 2020 before raising the issue. Indeed, Plaintiff's counsel submitted a Position Paper to the Court dated December 27, 2019 raising concerns about the first day of Mr. Connelly's deposition testimony that occurred on December 17, 2019. That Position Paper was 15 pages long and attached numerous exhibits. Nowhere in that Position Paper does Plaintiff's Counsel mention the Exculpatory Report or more specifically, the City's failure to produce it. On January 14, 2020, the Court conducted a telephone call with the parties on the discovery disputes associated with the December 17, 2019 deposition of Mr. Connelly and Plaintiff's counsel never mentioned any issue concerning the Exculpatory Report not being produced by the City. Moreover, the Court received an e-mail from Plaintiff's counsel after the completion of the second day of Mr. Connelly's testimony on January 27, 2020 advising that there were no issues requiring the Court's immediate attention. And, finally, while the Court did receive an e-mail from Plaintiff's counsel on February 7, 2020 advising that he wanted to "send a notice to the Court of a potential discovery dispute to preserve Plaintiff's rights under L.R. 37.1," the discovery dispute outlined by Plaintiff's counsel in that e-mail had nothing to do with the Exculpatory Report.

In filing Plaintiff's Show Cause Motion, Plaintiff has not satisfied LR 37.1(b) and/or complied with this Court's October 25, 2019 Order. And, regardless, Plaintiff has not demonstrated how he

has been prejudiced given the fact that he has had the Exculpatory Report in his possession for months and it was discussed at both depositions of the City's Rule 30(b)(6) witness.

Accordingly, the City's Motion is GRANTED, and Plaintiff's Show Cause Motion is stricken.

**IT IS SO ORDERED.**

Date:  February 19, 2020

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE