IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DALONTE WHITE,                                      CASE NO. 1:17-CV-01165

                              Plaintiff,

                  -vs-                              JUDGE PAMELA A. BARKER


CITY OF CLEVELAND, et al.,
                                                    MEMORANDUM OF OPINION AND
                              Defendants.           ORDER


This matter comes before the Court upon Plaintiff Dalonte White's ("White") Motion for

Leave to File Second Amended Complaint Substituting David Santiago, Sr. for David Santiago, Jr.

as a Party Defendant ("Motion to Amend").  (Doc. No. 172.)  Defendants City of Cleveland, Robert

Beveridge, John Kubas, Michael Schade, Thomas Shoulders, and David Lam (collectively,

"Defendants") filed a brief in opposition to White's Motion to Amend on March 19, 2020, to which

White responded on March 26, 2020.  (Doc. Nos. 174, 176.)  For the following reasons, White's

Motion to Amend (Doc. No. 172) is GRANTED.

## I.    Background

On May 9, 2017, White filed this civil rights suit in the Court of Common Pleas of Cuyahoga

County, Ohio against the City of Cleveland and several named and John Doe police officers.  (Doc.

No. 1-1.)[1]  The Complaint set forth a variety of allegations of improper conduct relating to White's

arrest in April 2015, including allegations related to the administration of two photo arrays.

Specifically, White alleged that he was arrested after three witnesses initially identified him in a photo

_____

[1] The action was removed to this Court on June 5, 2017.  (Doc. No. 1.)

array as the perpetrator of a home invasion.  (*Id.* at ¶¶ 22-27.)  White further alleged, however, that two or three weeks later, two unidentified officers administered a second photo array in which two of the same witnesses identified a different individual, Edward Bunch ("Bunch"), as the perpetrator of the crime for which White had been arrested, and the officers improperly instructed the witnesses not to mark their identifications.  (*Id.* at ¶ 31.)

On August 3, 2017, based on information received from counsel for the City of Cleveland, White filed a First Amended Complaint replacing the John Doe officers with individual proper names, including naming Defendant David Santiago, Jr. ("Santiago, Jr.") as one of the officers who administered the second photo array and improperly told the witnesses not to circle their identifications of Bunch.  (Doc. No. 172-1 at ¶ 9; Doc. No. 23 at ¶ 29.)  As it turns out, Santiago Jr. was involved with the administration of the first photo array—not the second photo array as White alleged in the First Amended Complaint—and his father, David Santiago ("Santiago Senior"),[2] was the officer involved in the administration of the second photo array.  (*See* Doc. No. 174-1.)  White did not name Santiago Senior as a defendant in the First Amended Complaint.

In November 2018, following a stay of the case, Defendants provided their initial disclosures in which they identified "David Santiago" (with no suffix) as among the persons with discoverable information about the case.  (Doc. No. 172-3 at 1.)  Defendants did not disclose that there are two City of Cleveland police officers named "David Santiago" and that both possessed discoverable information.

---

[2] The Court understands from Defendants that David Santiago's proper name does not include a suffix of "Sr." or "Senior."  (Doc. No. 174 at 3 n.1.)  The Court refers to him as Santiago Senior solely for purposes of clearly demarcating which Santiago is being referenced throughout the opinion.

Several months later, in March 2019, the City of Cleveland produced several documents to White in discovery, including redacted documentation related to the photo arrays at issue in the case. (Doc. No. 174-1.)  Those documents show that the first set of photo arrays was administered by "P.O. Santiago, Jr. 1904" on April 23, 2015, while the second set of photo arrays was administered by "Det. Santiago #1697" on May 13, 2015.  (*Id.*)  After receiving these documents, White did not pursue discovery or further clarification as to the identity of these individuals.

On June 20, 2019, White filed and served a notice of deposition of Santiago, Jr.  (Doc. No. 67.)  White also filed a revised notice of deposition on July 3, 2019 that again requested that Santiago, Jr. appear.  (Doc. No. 78.)  However, on July 10, 2019, the day of the deposition, Santiago Senior appeared and gave testimony.  Neither Santiago Senior, the City of Cleveland, nor any other Defendants appear to have provided any advance notice or explanation as to why Santiago Senior appeared instead of Santiago, Jr.  Indeed, Defendants admit that it was only disclosed through Santiago Senior's testimony during the deposition that Santiago Senior is not the same person as Santiago, Jr.  (Doc. No. 174 at 3-4; Doc. No. 174-2 at 84:4-6.)  After the deposition, Santiago Senior submitted an ERRATA sheet, correcting the caption of the deposition transcript as well as several references to him as Santiago, Jr.  (Doc. No. 174-3.)

Shortly thereafter, during a meet and confer session among counsel in either July or August 2019, counsel for the City of Cleveland, Tim Puin ("Puin") mentioned that White may have named the wrong Santiago.  (Doc. No. 172-1 at ¶ 11; Doc. No. 174-4 at ¶ 3.)  White claims that Puin further stated words to the effect that White could later move to amend the complaint with the correct name to conform to the evidence.  (Doc. No. 172-1 at ¶ 11.)  Puin asserts that he did not recommend any

3

procedure for addressing the issue or indicate that he had authority to permit any kind of substitution of parties outside the rules of civil procedure.  (Doc. No. 174-4 at ¶ 4.)

White did not file a motion to amend at this point, but instead commenced written discovery against Santiago Senior.  Specifically, on September 5, 2019, White served a set of requests for admission on "Defendant David Santiago, Sr."  The instructions indicated that "[t]he terms 'defendant,' 'Defendant,' 'Santiago', 'you,' or 'your' refer to Defendant David Santiago, Sr., the party responding to these requests."  (Doc. No. 172-4.)  Santiago Senior answered Plaintiff's requests, repeating White's definitions and referring to himself throughout as "Defendant."  (*Id.*)  In addition, on September 6, 2019, White served a set of requests for production of documents on all the individual Defendants, including "Santiago" (with no suffix).  Santiago Senior again responded and referred to himself throughout as "Defendant."  (Doc. No. 172-5.)  For example, with his responses, Santiago Senior indicated that he produced "copies of awards and commendations Defendant received during his service for Cleveland Department of Public Safety, Division of Police."  (*Id.* at 4-5.)  The awards and commendations produced belong to Santiago Senior.  (Doc. No. 172-6.)  Santiago Senior's responses to both White's requests for admission and requests for production of documents were submitted by attorneys from the City of Cleveland, Department of Law representing themselves as "Attorneys for Defendants Thomas Shoulders, John Kubas, Robert Beveridge, Michael Schade, and David Santiago."  (Doc. Nos. 172-4 at 11; Doc. No. 172-5 at 10-11.)

Based on Puin's remarks and Santiago Senior's apparent recognition that he was the correct defendant in this action, White's counsel believed that Defendants' counsel would not object to an effort to correct the record by substituting Santiago Senior as a defendant.  (Doc. No. 172 at 6.)  Accordingly, on January 2, 2020, White filed a Notice of Errata advising the Court that his First

Amended Complaint "incorrectly refers to Defendant David Santiago, Sr. (badge # 1697) as David Santiago, Jr." and asking that "the record and docket . . . be clarified and corrected accordingly." (Doc. No. 139.)  However, counsel for Santiago, Jr. did object and filed a Motion to Strike Plaintiff's Notice of Errata.  (Doc. No. 141.)  White did not oppose the Motion to Strike, and the Court granted it on March 2, 2020.  (Doc. No. 168.)

Subsequently, on March 6, 2020, White filed the Motion to Amend currently pending before the Court, seeking to formally substitute Santiago Senior for Santiago, Jr. as a party defendant under Federal Rules of Civil Procedure 15(a) and 21.  (Doc. No. 172.)  Defendants filed a brief in opposition to White's Motion to Amend on March 19, 2020, to which White responded on March 26, 2020. (Doc. Nos. 174, 176.)  As such, White's Motion is ripe for consideration.

## II.    Standard of Review

A party may amend its pleading once as a matter of course within twenty-one days after serving it or within twenty-one days after service of a responsive pleading or motion.  Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

Pursuant to Rule 15(a)(2), a court "should freely give leave [to amend] when justice so requires."  *Id.*; *see also Morse v. McWhorter*, 290 F.3d 795, 799-800 (6th Cir. 2002) ("Generally, leave to amend is 'freely given when justice so requires.'") (quoting *Keweenaw Bay Indian Cmty. v. State of Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993)).  "Though the decision to grant leave to amend is committed to the trial court's discretion, that discretion is limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits."  *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).  However, "[a] motion for leave to amend the complaint

may be denied when the motion is the product of undue delay, bad faith, or dilatory motive, amendment would cause undue prejudice to the opposing party, the plaintiff repeatedly failed to cure deficiencies in the complaint with previous amendments, or amendment of the complaint would be futile." *Springs v. U.S. Dep't of Treasury*, 567 F. App'x 438, 443 (6th Cir. 2014).

A motion to amend a complaint in order to change parties pursuant to Rule 21 is "governed by essentially the same, liberal standard" as that under Rule 15(a). *Thorn v. Bob Evans Farms, LLC*, No. 2:12-CV-768, 2013 WL 2456336, at *2 (S.D. Ohio June 6, 2013).

## III.    Analysis

Defendants assert that White's Motion to Amend should be denied because amendment would be futile and because White's amendment is unduly delayed, would burden the Court, and would prejudice Defendants.  The Court addresses each argument below.[3]

### a.  Futility of Amendment

First, Defendants assert that White's proposed amendment would be futile because his Second Amended Complaint would not relate back to the filing of his First Amended Complaint, and the statute of limitations has expired for his claims against Santiago Senior. (Doc. No. 174 at 5-9.)  White does not dispute that the relevant statutes of limitations have passed, but contends that his Second Amended Complaint would relate back to the date of his original filing such that his claims against Santiago Senior would not be barred.  (Doc. No. 172 at 8-9; Doc. No. 176 at 4-7).[4]  The Court finds

---

[3] Under Rule 16(b)(4), a court's scheduling order "may be modified only for good cause and with the judge's consent." Fed R. Civ. P. 16(b)(4).  White filed his Motion to Amend well after the June 8, 2019 deadline to amend pleadings had passed.  However, neither party addressed the requirements of Rule 16(b)(4).  Because Defendants do not claim that White failed to satisfy Rule 16(b)(4)'s "good cause" requirement, the Court will presume it has been satisfied. *See Shilling v. Corr. Corp. of Am.*, No. 1:16 CV 873, 2016 WL 3952118, at *2 (N.D. Ohio July 22, 2016).

[4] White also contends that Defendants do not have standing to challenge the futility of an amendment to bring claims against Santiago Senior, who is not currently a party.  (*See* Doc. No. 172 at 11.)  The Court need not address this argument,

6

that White's proposed amendment would relate back to his First Amendment Complaint, and, therefore, is not futile.

Although leave to amend is generally freely given, "[a] court need not grant leave to amend . . . where amendment would be 'futile.'" *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.*

To determine whether the statutes of limitations for White's claims would render his proposed Second Amended Complaint futile, the Court must determine whether his amendment would relate back to the date of the filing of his First Amended Complaint.  Rule 15(c)(1) governs whether an amendment relates back to the date of the original pleading and provides:

An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

---

however, as even assuming that Defendants have standing, they have not shown that White's amendment would be futile, as discussed below.

"The plaintiff has the burden of demonstrating that the requirements of Rule 15(c) have been met." *DeBois v. Pickoff*, No. 3:09cv230, 2011 WL 1233665, at \*5 (S.D. Ohio Mar. 28, 2011).  White does not assert that there are any statutory grounds for relation back pursuant to Rule 15(c)(1)(A). Thus, because White seeks to change the naming of a party, White must show that the requirements of Rule 15(c)(1)(C) have been satisfied.  Initially, neither party disputes that White's proposed amendment arises out of the same conduct that was set out in the First Amended Complaint such that Rule 15(c)(1)(B) is satisfied, as the allegations are identical except for the substitution of Santiago Senior for Santiago, Jr. as a defendant.  (*See* Doc. Nos. 23, 172-2.)

Consequently, the only contested issue is whether Santiago Senior, within the ninety-day period prescribed by Rule 4(m) for serving the summons and complaint, "(i) received such notice of the action that [he] will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C).  "The notice required by Rule 15(c) can be either actual or constructive."  *Beverly v. MEVA Formwork Systems, Inc.*, 500 F. App'x 391, 394 (6th Cir. 2012). The Sixth Circuit has "articulated the following, non-exhaustive list of factors to consider in determining whether a newly-named defendant had constructive notice of a lawsuit: 'the relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both the original and new defendants, and whether the defendants are officials of the original defendant.'"  *Id.* (quoting *Force v. City of Memphis*, No. 95–6333, 1996 WL 665609, at \*2 (6th Cir. Nov. 14, 1996)); *see also Berndt v. State of Tenn.*, 796 F.2d 879, 884 (6th Cir. 1986) ("[W]here the complaint alleges in substance that the new defendants committed the illegal acts and are officials of the original defendant, that relationship may imply receipt of sufficient notice."); *Kirk v. Cronvich*,

8

629 F.2d 404, 407 (6th Cir. 1980) ("Both the sheriff's office and appellee have been represented by the same attorneys and law firms throughout this litigation.  Although there is no evidence that the appellee had actual knowledge of the pendency of the action against the sheriff's office until he was personally served with the amended complaint (although it is likely that he did know), we do not believe that actual notice is required under Rule 15(c)."); *Burdine v. Szilagyi*, No. 3:98CV7094, 1999 WL 675294, at *3-4 (N.D. Ohio Aug. 20, 1999) (permitting relation back of an amendment naming officers of a county originally named as a defendant when the new defendants shared counsel with the original defendants).

In this case, relying on Santiago Senior's deposition testimony, Defendants argue that there is no evidence that Santiago Senior received notice of White's suit and that he might be the correct defendant until late 2019, well past the ninety-day period.  (Doc. No. 174 at 7-9.)  However, actual notice is not required under Rule 15(c).

And as White correctly points out, each of the factors articulated by the Sixth Circuit supports the conclusion that Santiago Senior had constructive knowledge of White's suit.  Santiago Senior is an official of the City of Cleveland, one of the original defendants in the action.  In addition, although not yet an official party to the case, Santiago Senior has participated in discovery as if he was a defendant, during which time he has been represented by the same organization, the City of Cleveland Department of Law, as well as some of the same individual attorneys, that represent the City of Cleveland and several of the individual Defendants in this case.  (*See* Doc. Nos. 172-4, 172-5.) Moreover, Santiago Senior is the father of Santiago, Jr., who was mistakenly named in his place. Consequently, even if Santiago Senior did not have actual notice of White's First Amended Complaint within ninety days of its filing, the Court finds that he had constructive notice of it.

Moreover, given the specificity of the incident alleged—i.e., that two officers administered a photo array within two or three weeks of White's arrest on April 21, 2015 in which the officers instructed the witnesses not to mark their identifications of a different individual, Bunch, as the perpetrator of the crime for which White had been arrested—the Court finds that Santiago Senior also knew or should have known within the prescribed period that but for a mistake concerning the proper party, the action would have been brought against him.  *See Bradley v. Macomb Cty.*, 370 F. Supp. 2d 607, 613 (E.D. Mich. 2005) ("Given the specificity of the incident alleged, the Court determines that Defendant Yunker knew or should have known of the action before the expiration of the 120–day period.").

As a result, all of the requirements for the relation back of White's proposed Second Amended Complaint under Rule 15(c) have been met, and White's proposed amendment is not futile.[5]

### b.  Undue Delay and Prejudice

Next, Defendants assert that White's proposed amendment should be denied due to White's undue delay, which will place an unwarranted burden on the court and prejudice the parties.  (Doc. No. 174 at 9-11.)  In response, White asserts that Defendants have failed to establish sufficient prejudice to warrant the denial of his amendment.  (Doc. No. 176 at 7.)[6]  While the Court finds that White did improperly delay the filing of his Motion to Amend, the Court concludes that his

---

[5] The Court thus need not consider White's alternative argument regarding the extension of the period for service under Rule 4(m).  (*See* Doc. No. 176 at 4-5.)

[6] White appears to argue that Defendants also do not have standing to challenge his amendment based on undue delay and prejudice.  (Doc. No. 172 at 11.)  The Court rejects this argument, as it is clear that Defendants' arguments in this regard relate to their own interests in the case.  *E.g., Johnson v. City of Saginaw*, No. 17-cv-13174, 2018 WL 2093948, at *2 n.1 (E.D. Mich. May 7, 2018).

amendment should nonetheless be permitted because there is, at most, minimal prejudice to Defendants that would result from the amendment.

"Delay alone is insufficient to deny leave to amend." *Eastern Shawnee Tribe of Oklahoma v. Ohio*, No. 3:05CV7267, 2007 WL 9754361, at \*2 (N.D. Ohio July 6, 2007); *Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982) ("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading."). In addition to delay, "the party opposing a motion to amend must make some significant showing of prejudice to prevail." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs. Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994); *see also Eastern Shawnee Tribe*, 2007 WL 9754361, at \*2 ("Delay becomes 'undue,' however, when it places an unwarranted burden on the court; the delay likewise becomes prejudicial if it places an unfair burden on adverse parties.").

Here, there has clearly been undue delay by White in seeking to substitute Santiago Senior as a party to this action. There is some indication that as early as March 2019, based on documents produced in discovery, White could have discovered that there were two City of Cleveland police officers with the name "David Santiago" and that Santiago Senior was the correct defendant. *(See Doc. No. 174-1.)* It is undisputed that at the very latest, however, White became aware of this issue after Santiago Senior appeared for the deposition on July 10, 2019. Yet, White waited until after the close of discovery and a total of almost six months to file a Notice of Errata attempting to correct his

11

error in naming Santiago, Jr. (Doc. No. 139.) White has not offered any explanation for his delay. He then waited another two months to file his Motion to Amend after learning that Defendants would oppose his Notice of Errata, such that he filed his Motion to Amend less than a month before the April 20, 2020 dispositive motion deadline set by the Court. (Doc. No. 172.)

Nonetheless, leave to amend should be denied only if Defendants can establish that they would be prejudiced by White's delay. Defendants argue that that they would be prejudiced because the filing of an amended complaint would require service on the new defendant and the filing of responsive pleadings, which would impact the Court's current deadlines for dispositive motions and trial. (Doc. No. 174 at 10-11.) However, the Court finds that any delay likely will be minimal, will not impact the trial date currently set, and will not require the parties to expend significant additional resources. Indeed, neither Defendants nor White have identified any additional discovery that would be required as a result of White's proposed amendment, and the Court agrees that additional discovery will not be necessary. White's Second Amended Complaint contains the exact same claims and factual allegations, except for the substitution of Santiago Senior as a defendant, and Santiago Senior has already been participating in this case as though he were a proper defendant. For example, he has been deposed, despite the fact that Santiago, Jr. was technically noticed for the deposition, and responded to White's requests for admission and requests for production of documents, each of which are discovery devices specific to parties. (Doc. Nos. 172-4, 172-5.) Further, throughout his participation in the case, he has been represented by the same attorneys as the other Defendants in this action (*see id.*), and they have not indicated that any additional discovery specific to Santiago Senior will be required. Nor will answering White's proposed Second Amended Complaint be

12

burdensome on Defendants, as they have already responded to an essentially duplicate complaint earlier in the case.

Thus, the Court finds that the short delay required to permit the filing of White's proposed Second Amended Complaint and responsive pleadings does not rise to the level of prejudice that warrants the denial of leave to amend.  *See, e.g.*, *Ketter v. City of Newark*, No. 04-cv-00550, 2008 U.S. Dist. LEXIS 133918, at \*9 (S.D. Ohio July 25, 2008) (permitting amendment after the close of discovery and the filing of dispositive motions because "Defendants have not offered sufficient evidence of additional discovery that would be necessary, or of difficulty preparing a defense to the additional claim, to demonstrate prejudice"); *Fraker v. Marysville Exempted Vill. Sch.*, 696 F. Supp. 2d 887, 893 (S.D. Ohio 2010) (permitting amendment to properly name defendant even though the plaintiff "acted less than diligently in seeking to cure the deficiency of his pleading by waiting several months after the deadline to amend" because the defendant had "fully defended th[e] case as if it had been properly named").  Therefore, the Court grants White's Motion to Amend.

## IV.  Conclusion

For the reasons set forth above, White's Motion to Amend (Doc. No. 172) is GRANTED. White is directed to file his proposed Second Amended Complaint by the end of business on April 17, 2020.  Pleadings responsive to White's Second Amended Complaint are due by April 24, 2020. The deadlines related to the filing of dispositive motions previously set by the Court are extended fourteen days, such that dispositive motions are now due by May 4, 2020.

13

**IT IS SO ORDERED.**


_s/Pamela A. Barker_
PAMELA A. BARKER
Date:  April 16, 2020                                    U. S. DISTRICT JUDGE