# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**DALONTE WHITE,**    **CASE NO. 1:17-CV-01165**

                                                      **Plaintiff,**

                    **-vs-**    **JUDGE PAMELA A. BARKER**

**CITY OF CLEVELAND, et al.,**

                                                      **MEMORANDUM OF OPINION AND**
                    **Defendants.**    **ORDER**

This matter comes before the Court upon the Motion for Reconsideration of Defendants City of Cleveland, Robert Beveridge, John Kubas, Michael Schade, Thomas Shoulders, and David Lam (collectively, "Defendants") filed on April 17, 2020.  (Doc. No. 180.)  Plaintiff Dalonte White ("White") filed a response on May 1, 2020.  (Doc. No. 188.)  For the following reasons, Defendants' Motion for Reconsideration (Doc. No. 180) is DENIED.

"Generally, there are three major situations which justify a court reconsidering one of its orders: '(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice.'"  *Dantz v. Apple Am. Grp., LLC*, No. 5:04CV0060, 2006 WL 2850459, at *1 (N.D. Ohio Sept. 29, 2006) (quoting *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).  "Motions for reconsideration are not substitutes for appeal *nor are they vehicles whereby a party may present arguments inexplicably omitted in prior proceedings*."  *Id.* (emphasis added) (quoting *Plaskon*, 904 F. Supp. at 669).

In their Motion for Reconsideration, Defendants move the Court to reconsider its Order granting White leave to file his Second Amended Complaint.  (Doc. No. 179.)  Defendants rely on

the Sixth Circuit's recent holding in *In re National Prescription Opiate Litigation*, No. 20-3075, 2020 WL 1875174 (6th Cir. Apr. 15, 2020) to argue that the Court should have denied White's Motion to Amend based on Federal Rule of Civil Procedure 16(b)(4)'s "good cause" requirement.  (Doc. No. 180.)  The Court disagrees.  Indeed, the Court was aware of the Sixth Circuit's decision prior to granting White leave to file his Second Amended Complaint, but found no need to discuss it in its opinion, as it is easily distinguishable from the present case.

In *In re National Prescription Opiate Litigation*, the plaintiffs moved to amend their complaint eighteen months after the deadline for amendments, ten months after the close of discovery, and after they had previously expressly disavowed any intention of bringing the claims they sought to add in their amendment.  2020 WL 1875174, at *2.  The district court granted the plaintiffs' motion and reopened discovery with respect to the new claims.  *Id.*  In reversing the district court's decision, the Sixth Circuit noted that under Rule 16(b), the plaintiffs were required to have shown "good cause" for the failure to amend their complaint earlier, meaning that they must have "demonstrated that 'despite their diligence they could not meet the original deadline.'"  *Id.* (quoting *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003)).  The Sixth Circuit then held:

> Neither the Counties nor the district court have even attempted to show that the Counties demonstrated diligence as required by Rule 16(b).  Quite the contrary: as the district court recognized then, and as the Counties concede now, the Counties did not bring their dispensing claims earlier because they *expressly chose not to bring them*. Counties' Opp. at 4.  Indeed, the Counties' knowing and voluntary relinquishment of those claims arguably amounts to an outright waiver of them.  *See generally United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).  Not a circuit court in the country, so far as we can tell, would allow a district court to amend its scheduling order under these circumstances.

*Id.* at *3.

The circumstances in this case are not nearly as extreme as those present in *In re National Prescription Opiate Litigation*. White has never disavowed his intention of bringing the claims in his amendment, White filed his motion to amend much closer in time to the deadline for amendment and the discovery cutoff, and no additional discovery was required based on his amendment. In addition, White has shown good cause for not filing his Motion to Amend prior to the original deadline. As detailed in the Court's previous Order, White likely did not become aware that David Santiago, as opposed to David Santiago, Jr., was the proper defendant until more than a month after the amendment deadline, largely as a result of information provided by Defendants and Defendants' own failure to disclose that there were two officers named "David Santiago" in their initial disclosures. (Doc. No. 179 at 2-3.) Thus, the Sixth Circuits ruling in *In re National Prescription Opiate Litigation* does not require reconsideration of the Court's Order.

Moreover, Defendants' Motion for Reconsideration fails for two additional independent reasons. First, Defendants did not raise any argument as to Rule 16(b)(4)'s good cause requirement in opposition to White's Motion to Amend despite the opportunity to do so, and, therefore, cannot raise such arguments now. Merely identifying White's delay in the context of the parties' arguments with regard to Rule 15(a) was not sufficient.

Second, Defendants have not demonstrated that any of the conditions that permit reconsideration of a court's order have been satisfied. Defendants do not identify any clear error, manifest injustice, or new evidence that would justify reconsideration. And while Defendants appear to claim that *In re National Prescription Opiate Litigation* constitutes an intervening change in controlling law, they have not identified any relevant change in the law brought about by the decision.

3

As White correctly points out, the decision appears to have been a straightforward application of Rule 16(b).  (Doc. No. 188 at 4-5.)

Thus, for the reasons set forth above, Defendants' Motion for Reconsideration (Doc. No. 180) is DENIED.

**IT IS SO ORDERED.**


_s/Pamela A. Barker_
PAMELA A. BARKER
U. S. DISTRICT JUDGE

Date:  May 4, 2020